**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRUCE MYERS,** | : | **CIVIL ACTION NO. 1:26-CV-1425** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS MCGINLEY, *et al.*,** | : | |
| | : | |
| **Respondents**[1] | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Bruce Myers, challenges a 2026 denial of parole by the Pennsylvania Board of Probation and Parole ("the board"). The petition will be dismissed without prejudice and this case will be closed because the petition fails to state a habeas claim upon which relief may be granted.

## I. Factual Background & Procedural History

Myers is serving a Pennsylvania criminal sentence in Coal Township State Correctional Institution ("SCI-Coal Township"). He filed the instant case on May 14,

---

[1] The petition names as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. The only proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Accordingly, the Attorney General will be dismissed from this case as an improper respondent.

The undersigned additionally notes that prior to her appointment to this court, she was employed by the Attorney General's office. Because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent in the petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

2026, and the court received and docketed the petition on May 26, 2026. (Doc. 1). Myers challenges the board's April 14, 2026, denial of his parole. (Id.) The petition states the relevant facts in one paragraph as follows:

> Petitioner asserts that the PBPP's decision to deny him parole was arbitrary, pre-textual, vindictive and impermissible in violation of the substantive due process clause. Petitioner pled guilty to his involvement [and] petitioner gave a statement at sentencing and wrote an inmate version admitting his guilt; petitioner completed all recommended groups; he received no misconducts; petitioner is handicapped in a wheelchair and unable to do physical activities; [he] has no prior criminal record; not a risk to the community; petitioner's did everything required of him to make parole; PBPP's [decision] is not supported by the record, PBPP used petitioner's pending appeal which is not about his conviction.

(Doc. 1 at 5).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

A challenge to the denial of parole is cognizable under Section 2254. Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). However, a federal district court may not grant parole or determine parole eligibility. Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after

which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." Id.

Federal habeas review of a state parole hearing is grounded in the right to substantive due process and is limited to determining whether the board exercised its authority in an arbitrary and capricious or constitutionally impermissible manner. Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). To show a violation of substantive due process, a habeas petitioner must demonstrate that: (1) he was arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole. Id. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" Hunterson v. DiSabato, 308 F.3d 236, 247 (3d Cir. 2002).

Section 2254 habeas corpus petitions additionally must comply with the pleading requirements of Rule 2 of the Rules governing Section 2254 habeas corpus proceedings, which requires a petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases.

Here, Myers's petition plainly fails to state a claim for the court to grant habeas corpus relief from the board's decision to deny him parole. He asserts in conclusory fashion that the board's decision was "arbitrary, pre-textual, vindictive and impermissible," but the only wrongful action he attributes to the board is that it "used" his "pending appeal," which "is not about his conviction." (Doc. 1 at 5). Myers does not explain what this pending appeal was "about" or why considering the appeal was wrongful. This threadbare allegation is not sufficient to state a claim that the board somehow acted in an arbitrary and capricious manner or that it acted unconstitutionally in any other manner. Rather, it appears from the petition that Myers simply wants this court to "second-guess" the parole board's decision and independently determine that he should have been granted parole, which is not a proper exercise of this court's jurisdiction. Coady, 251 F.3d at 487. Accordingly, the court will dismiss the petition without prejudice because it fails to state sufficient facts to state a habeas corpus claim upon which relief may be granted.

## IV. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is dismissed without prejudice. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 27, 2026